IN the MATTER OF JUDICIAL DISCIPLINARY PROCEEDINGS AGAINST the Honorable Daryl W. LAATSCH, Municipal Judge for Mid-Moraine Municipal Court.

WISCONSIN JUDICIAL COMMISSION, Complainant,

v.

The Honorable Daryl W. LAATSCH, Respondent.

Supreme Court

*No. 2004AP2954–J. Decided February 16, 2007.*

2007 WI 20

(Also reported in 727 N.W.2d 488.)

For the respondent there were briefs by *The Hon. Daryl W. Laatsch* and *Daryl W. Laatsch SC,* Hartford.

For the complainant there was a brief by *James C. Alexander* and the *Wisconsin Judicial Commission,* Madison.

¶ 1. PER CURIAM.   We review, pursuant to Wis. Stat. § 757.91 (2003–04)[1] a judicial conduct panel's

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted. Wisconsin Stat. § 757.91 provides: Supreme court; disposition.

findings of fact, conclusions of law, and recommendation for discipline for the Honorable Daryl Laatsch, a former municipal judge for the Mid-Moraine Municipal Court. We conclude that a reprimand is the appropriate discipline for Judge Laatsch's judicial misconduct.

¶ 2.  Judge Laatsch served as the Mid-Moraine Municipal Court Judge from 1991 to 2005. He has not been the subject of any prior disciplinary action by the Wisconsin Judicial Commission. Judge Laatsch was defeated in a primary election in February 2005 and no longer serves as a municipal court judge.

¶ 3.  The Judicial Commission filed a complaint against Judge Laatsch on November 10, 2004, alleging that Judge Laatsch had engaged in judicial misconduct by presiding over two cases in which a family member was a defendant, and by presiding over a case in which the defendant was a client he was representing in his private practice. The complaint alleged further that Judge Laatsch identified himself as a municipal judge in an advertisement for his private law practice that appeared in the Yellow Pages telephone directory for the city of West Bend.

¶ 4.  The judicial conduct panel made findings of fact based on a stipulation executed by the parties. On the basis of those undisputed facts, the judicial conduct panel made conclusions of law and recommended that this court reprimand Judge Laatsch for his misconduct. Judge Laatsch elected to file a brief in this court explaining additional circumstances he deemed relevant. The Wisconsin Judicial Commission filed a responsive brief.

The supreme court shall review the findings of fact, conclusions of law and recommendations under s. 757.89 and determine appropriate discipline in cases of misconduct and appropriate action in cases of permanent disability. The rules of the supreme court applicable to civil cases in the supreme court govern the review proceedings under this section.

¶ 5.  The facts giving rise to the complaint are as follows. In March 1997 Judge Laatsch's niece appeared as a defendant in Judge Laatsch's court. She was a minor at the time and was accompanied to court by her mother, Judge Laatsch's sister. Judge Laatsch did not recuse himself from the case.

¶ 6.  Between June 2001 and December 2002 Judge Laatsch presided over a case in which his nephew, also a minor, was a defendant. Again, Judge Laatsch did not recuse himself from the case, which proceeded to judgment. Eventually, the assistant city attorney for the city of West Bend notified Judge Laatsch that the city objected to Judge Laatsch presiding over the case. The case was reopened by stipulation. Judge Laatsch participated in facilitating a stipulated agreement between the city and the defendant. Another judge ultimately approved the stipulated disposition.

¶ 7.  In July 2000 Judge Laatsch presided over a municipal court proceeding involving defendant, E.A. At that time, Judge Laatsch was representing E.A. as a private attorney in a criminal matter then pending in Washington County Circuit Court. Judge Laatsch did not recuse himself from this matter.

■■

¶ 8.  The complaint alleged, and the judicial conduct panel concluded, that by presiding over cases involving his niece and his nephew, Judge Laatsch violated SCR 60.04(4)(e)1. of the code of judicial conduct, which requires a judge to recuse himself whenever "a person within the third degree of kinship" to the judge "[i]s a party to the proceeding." *See also* SCR 60.01(16).² The panel concluded further that these incidents also violated SCR 60.04(4)(a), which requires

---

² SCR 60.01(16) provides that " '[t]hird degree of kinship' means a person who is related as a great-grandparent, grand-

recusal whenever a judge "has a personal bias or prejudice concerning a party." While these provisions may be waived under a procedure set forth in SCR 60.04(6),[3] the stipulation executed by the parties does not demonstrate that this procedure was followed.

■

¶ 9. The complaint alleged further, and the judicial conduct panel concluded, that by presiding over a matter in which a private practice client was a defendant, Judge Laatsch violated SCR 60.04(4)[4]

---

parent, parent, uncle, aunt, brother, sister, child, grandchild, great-grandchild, nephew or niece."

[3] SCR 60.04(6) provides that:

> (6) A judge required to recuse himself or herself under sub. (4) may disclose on the record the basis of the judge's recusal and may ask the parties and their lawyers to consider, out of the presence of the judge, whether to waive recusal. If, following disclosure of any basis for recusal other than personal bias or prejudice concerning a party, the parties and lawyers, without participation by the judge, all agree that the judge should not be required to recuse himself or herself and the judge is then willing to participate, the judge may participate in the proceeding. The agreement shall be incorporated in the record of the proceeding.

[4] SCR 60.04(4) provides:

> (4) Except as provided in sub. (6) for waiver, a judge shall recuse himself or herself in a proceeding when the facts and circumstances the judge knows or reasonably should know establish one of the following or when reasonable, well-informed persons knowledgeable about judicial ethics standards and the justice system and aware of the facts and circumstances the judge knows or reasonably should know would reasonably question the judge's ability to be impartial:

> (a) The judge has a personal bias or prejudice concerning a party or a party's lawyer or personal knowledge of disputed evidentiary facts concerning the proceeding.

> (b) The judge of an appellate court previously handled the action or proceeding as judge of another court.

and SCR 60.03(1).[5]

¶ 10.    The judicial conduct panel concluded that each of these violations was willful and thus constituted judicial misconduct under Wis. Stat. § 757.81(4)(a).[6]

(c) The judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge has been a material witness concerning the matter.

(d) The judge knows that he or she, individually or as a fiduciary, or the judge's spouse or minor child wherever residing, or any other member of the judge's family residing in the judge's household has an economic interest in the subject matter in controversy or in a party to the proceeding or has any other more than *de minimis* interest that could be substantially affected by the proceeding.

(e) The judge or the judge's spouse, or a person within the third degree of kinship to either of them, or the spouse of such a person meets one of the following criteria:

1. Is a party to the proceeding or an officer, director or trustee of a party.

2. Is acting as a lawyer in the proceeding.

3. Is known by the judge to have a more than *de minimis* interest that could be substantially affected by the proceeding.

4. Is to the judge's knowledge likely to be a material witness in the proceeding.

(f) The judge, while a judge or a candidate for judicial office, has made a public statement that commits, or appears to commit, the judge with respect to any of the following:

1. An issue in the proceeding.

2. The controversy in the proceeding.

[5] SCR 60.03(1) provides that "[a] judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

[6] Wisconsin Stat. § 757.81(4)(a) defines judicial misconduct to include "[w]ilful violation of a rule of the code of judicial ethics."

See *In re Judicial Disciplinary Proceedings Against Tesmer,* 219 Wis. 2d 708, 711, 580 N.W.2d 307 (1998).

¶ 11.   With respect to the Yellow Pages advertisement, the judicial conduct panel concluded that Judge Laatsch violated SCR 60.03(2) which provides in relevant part that a "judge may not lend the prestige of judicial office to advance the private interests of the judge or of others or convey or permit others to convey the impression that they are in a special position to influence the judge." In addition, the panel concluded that by placing the advertisement, Judge Laatsch violated SCR 60.05(4)(a)1.a., which provides that "[a] judge may not engage in financial or business dealings that could . . . [r]easonably be perceived to exploit the judge's judicial position." Again, the panel concluded that Judge Laatsch's violations of the rules of judicial conduct were willful.

¶ 12.   We adopt the panel's findings and conclusions of law and thus turn to the question of the appropriate discipline for the misconduct.

¶ 13.   The misconduct in this case is serious. A fair and impartial judge is the cornerstone of the integrity of the judicial system. Even the appearance of partiality can erode the public's confidence in the integrity of the judiciary. Any reasonable person would question the impartiality of a judge who presides over a case in which that judge's family member or private client is the defendant.

¶ 14.   We acknowledge that the parties stipulated that no favor was granted to any of these defendants and that the disposition of each case was comparable to that accorded similar cases in Judge Laatsch's court-

150

room. We acknowledge further that Judge Laatsch mistakenly believed his disqualification could be waived. Notwithstanding these factors, he violated the rules of judicial conduct as described by the panel and failed to act in a manner that "promotes public confidence in the integrity and impartiality of the judiciary."

¶ 15. Similarly, by highlighting his municipal court judgeship in the advertisement for his private legal practice, Judge Laatsch sought to use the prestige of his judicial office to advance his private interests and exploited the judgeship in the hopes of obtaining financial gain.

¶ 16. Under the circumstances, we determine that the appropriate discipline for Judge Laatsch's judicial misconduct is a reprimand. We note that in his stipulation, Judge Laatsch expressed "great[] regret[] that his conduct had a negative impact on the appearance of his impartiality and the integrity of the court." We note further that Judge Laatsch was defeated in a primary election and is no longer serving as a municipal judge. The likelihood of similar misconduct by Judge Laatsch is minimal, and the reprimand we impose on him should provide adequate protection to the public from any further judicial misconduct of this kind by others. *See In re Judicial Disciplinary Proceedings Against Stern,* 224 Wis. 2d 220, 233, 589 N.W.2d 407 (1999).

¶ 17. IT IS ORDERED that the Honorable Daryl W. Laatsch is reprimanded for judicial misconduct established in this proceeding.