In the MATTER OF JUDICIAL DISCIPLINARY PROCEEDINGS AGAINST the Honorable John A. ZODROW.

WISCONSIN JUDICIAL COMMISSION, Complainant,

v.

The Honorable John A. ZODROW, Respondent.

Supreme Court

*No. 2009AP2904–J. Decided August 26, 2010.*

2010 WI 107

(Also reported in 787 N.W.2d 815.)

¶ 1. PER CURIAM. We review, pursuant to Wis.

Stat. § 757.91 (2007–08),[1] a Judicial Conduct Panel's findings of fact, conclusions of law, and recommendation for discipline for the Honorable John A. Zodrow, a former Cudahy municipal judge. We conclude that a reprimand is the appropriate discipline for Judge Zodrow's judicial misconduct.

¶ 2. Judge Zodrow served as the municipal judge for the City of Cudahy from May 1, 1999, through April 30, 2010. He has not been the subject of any prior disciplinary action by the Wisconsin Judicial Commission. Judge Zodrow was defeated in the April 2010 general election and no longer serves as a municipal judge.

¶ 3. The Judicial Commission filed a complaint against Judge Zodrow on November 23, 2009. The complaint alleged that Judge Zodrow engaged in misconduct by failing to dispose of judicial matters promptly, efficiently, and fairly and by willfully or persistently failing to perform official duties.

¶ 4. Judge Zodrow filed an answer to the complaint in December 2009. On June 24, 2010, the parties filed a stipulation and joint recommendation for discipline. On the basis of those undisputed facts, the Judicial Conduct Panel made findings of fact, conclusions of law, and a recommendation which was filed with the court on July 19, 2010. The panel recom-

---

[1] All subsequent references to the Wisconsin Statutes are to the 2007–08 version unless otherwise indicated. Wisconsin stat. § 757.91 provides: Supreme court; disposition.

The supreme court shall review the findings of fact, conclusions of law and recommendations under s. 757.89 and determine appropriate discipline in cases of misconduct and appropriate action in cases of permanent disability. The rules of the supreme court applicable to civil cases in the supreme court govern the review proceedings under this section.

mended that Judge Zodrow be reprimanded. From our independent review of the record, we agree that Judge Zodrow's misconduct warrants a reprimand.

¶ 5. The City of Cudahy municipal court has an annual caseload of approximately 4,000 cases. During Judge Zodrow's tenure as municipal judge a substantial backlog of unadjudicated citations accumulated, dating back to at least 2002. As of the date the Judicial Commission's complaint was filed with this court in November of 2009, approximately 3,500 cases were awaiting Judge Zodrow's decision. When Judge Zodrow appeared in person before the Judicial Commission on October 23, 2009, he said he did not know how many cases were pending or for how long they had been pending. His best guess was that there were between 1,000 and 1,500 pending cases, with some dating from 2002 and a few pre-dating 2002.

¶ 6. City of Cudahy officials, court staff, and court officials repeatedly advised Judge Zodrow about the case backlog, but Judge Zodrow did not take significant action to reduce the backlog. An audit of the City of Cudahy municipal court, conducted by Virchow Krause and Company, showed a large backlog of cases dating from 2002. Judge Zodrow was advised of the results of the Virchow Krause audit in November of 2008, but refused to timely decide cases or reduce the backlog.

¶ 7. Throughout Judge Zodrow's tenure as municipal judge, a single full-time clerk supported the City of Cudahy municipal court. Judge Zodrow believed the court was understaffed, particularly when compared to the neighboring City of South Milwaukee's municipal court which had a smaller caseload but one and one-half clerk positions. Throughout his tenure as municipal judge, Judge Zodrow persistently asked city officials to fund an additional half-time or full-time clerk position.

56

Funding for a half-time deputy clerk position was approved in November of 2009 but that position remained unfilled when Judge Zodrow left office on April 30, 2010.

¶ 8. The parties agree that the additional clerk support would have assisted the municipal court in case management and reduced or possibly eliminated the need for the municipal court to rely on clerical staff from the city's police department to process court cases involving parking citations and other court administrative matters. Judge Zodrow believes he would have been encouraged to process cases in a more timely manner if there had been additional clerk support so he would not have been required to spend time performing tasks that he believed to be more properly the work of a clerk.

¶ 9. Since early May 2009, Judge Zodrow refused to adjudicate any parking ticket stipulation cases. He did so to protest the decision of the City of Cudahy's police department that the municipal court could no longer access the police department computer in those cases. After that time, Judge Zodrow placed parking ticket stipulation cases in a box. He told the Judicial Commission that "they can sit and collect dust until hell freezes over for all [he] care[s]." Judge Zodrow refused to adjudicate parking ticket stipulation cases because he believed that the use of a police department clerk as a de facto court clerk in those cases was unconstitutional. Although he did adjudicate a small number of parking ticket stipulation cases after the half-time clerk position was approved in November of 2009, most of those cases remained unadjudicated until he left office on April 30, 2010.

¶ 10. In the stipulation submitted to the court, Judge Zodrow expressed regret for his conduct and the effect it had on the municipal court, litigants, and the

Wisconsin judicial system. In the stipulation the parties recognized that the appropriate discipline was entirely within the province of this court. The parties jointly recommended that a reprimand was the appropriate discipline for Judge Zodrow's misconduct.

¶ 11. The Judicial Commission's complaint alleged, and the Judicial Conduct Panel concluded, that by allowing a backlog of 3,500 cases to accumulate, Judge Zodrow violated SCR 60.04(1)(h), which states that "[a] judge shall dispose of all judicial matters promptly, efficiently and fairly." The Judicial Conduct Panel opined that "Judge Zodrow's conduct was the antithesis of the prompt and efficient disposition of judicial matters," and such a substantial backlog was particularly egregious at the municipal court level where the cases presented were generally straightforward and not complex.

¶ 12. The Judicial Conduct Panel noted that the "willful violation of a rule of the code of judicial ethics" constitutes judicial misconduct. *See* Wis. Stat. § 757.81(4)(a).[2] It also noted that a judge's conduct is "willful" if it is "not the result of duress or coercion and . . . the judge knew or should have known that the conduct was prohibited by the Code of Judicial Ethics." *In re Judicial Disciplinary Proceedings Against Tesmer,* 219 Wis. 2d 708, 729, 580 N.W.2d 307 (1998). The panel concluded that Judge Zodrow's failure to decide cases in a timely fashion constituted judicial misconduct under § 757.81(4)(a).

¶ 13. The Judicial Commission's complaint alleged, and the Judicial Conduct Panel found, that Judge Zodrow also violated Wis. Stat. § 757.81(4)(b), which

---

[2] Wisconsin stat. § 757.81(4)(a) states that misconduct includes "[w]illful violation of a rule of the code of judicial ethics."

states that judicial "misconduct" includes the "willful or persistent failure to perform official duties." The panel noted that Judge Zodrow refused to adjudicate virtually all parking ticket stipulation matters for nearly one year. It said regardless of his motivations, whether related to the use of a police department employee as a clerk or to the police department's decision to limit computer access, his steadfast refusal to adjudicate virtually all parking ticket stipulation cases for nearly a year constituted the persistent failure to perform an official duty.

¶ 14. The panel noted that both of Judge Zodrow's ethical violations were related to the timely disposition of judicial business. It pointed out that this court has said that the "prompt disposition of cases brought to the courts for resolution . . . is essential to the integrity of the judicial system on which the citizens of this state have the right to rely." *In re Judicial Disciplinary Proceedings Against Waddick,* 2000 WI 11, ¶ 20, 232 Wis. 2d 733, 605 N.W.2d 861. The panel concluded that Judge Zodrow's failure to organize his court so that cases could be timely decided adversely impacted the integrity of the judicial system, and it said his conduct could not be excused by a perceived understaffing or lack of resources.

¶ 15. The Judicial Conduct Panel noted that the discipline imposed for judicial misconduct should be determined by the extent that the public needs protection from unacceptable judicial behavior, based upon the seriousness of the judge's misconduct and the likelihood that it would recur. *See In re Judicial Disciplinary Proceedings Against Gorenstein,* 147 Wis. 2d 861, 873, 434 N.W.2d 603 (1989). The panel said that Judge Zodrow's misconduct was serious because the prompt disposition of cases is important to the parties

involved in those cases as well as to the integrity of the state's judicial system. Because Judge Zodrow was defeated for reelection and no longer serves as a municipal judge, the panel concluded that the sanctions of suspension or removal would serve little purpose.

¶ 16. In light of Judge Zodrow's expressed remorse and given the fact that he no longer serves as a municipal judge, the panel concluded that a reprimand was appropriate discipline for his judicial misconduct. *See In re Judicial Disciplinary Proceedings Against Laatsch*, 2007 WI 20, ¶ 16, 299 Wis. 2d 144, 727 N.W.2d 488. The panel stressed that its recommendation would likely be more severe if Judge Zodrow were still serving as a municipal judge. Since Judge Zodrow was defeated in the general election, the panel concluded that a reprimand was adequate discipline and was sufficient to protect the public from any further judicial misconduct of this kind by others.

¶ 17. We review the findings of fact, conclusions of law, and recommendations made by the panel under Wis. Stat. § 757.89 and determine appropriate discipline in cases of misconduct. We adopt the panel's findings of fact and conclusions of law. After conducting an independent review of the matter, we agree with the panel that a reprimand is the appropriate discipline for Judge Zodrow's misconduct.

¶ 18. The misconduct at issue in this case is serious. Judge Zodrow repeatedly and willfully refused to dispose of judicial matters presented to him promptly, efficiently, and fairly. We agree with the panel that there is no conceivable reason that might justify a backlog of 3,500 cases, some of which were more than seven years old. Judge Zodrow's persistent misconduct stymied the timely disposition of cases assigned to him

and adversely impacted the business of the Cudahy municipal court and, more broadly, cast a negative light on the entire Wisconsin judicial system.

■

¶ 19. Under the circumstances presented here, we conclude that the appropriate discipline for Judge Zodrow's judicial misconduct is a reprimand. We note that in his stipulation Judge Zodrow expressed regret for his conduct. We further note that Judge Zodrow was defeated in the general election and no longer serves as a municipal judge. The likelihood of similar conduct by Judge Zodrow is minimal, and we trust that the reprimand we impose on him will provide adequate protection to the public from any further judicial misconduct of this kind by others.

¶ 20. IT IS ORDERED that the Honorable John A. Zodrow is reprimanded for judicial misconduct established in this proceeding.