# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 19AP199-J |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Judicial Disciplinary Proceedings Against The Honorable Kenneth W. Gorski: |
| | Wisconsin Judicial Commission, |
| | Complainant, |
| | v. |
| | the Honorable Kenneth W. Gorski, |
| | Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST GORSKI

| | |
|---|---|
| OPINION FILED: | January 30, 2020 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |

| | |
|---|---|
| NOT PARTICIPATING: | |
| HAGEDORN, J. | |

| | |
|---|---|
| ATTORNEYS: | |

**2020 WI 5**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.  2019AP199-J

STATE OF WISCONSIN            :        IN SUPREME COURT

**In the Matter of Judicial Disciplinary Proceedings Against the Honorable Kenneth W. Gorski:**

**Wisconsin Judicial Commission,**

**Complainant,**

**v.**

**The Honorable Kenneth W. Gorski,**

**Respondent.**

**FILED**

**JAN 30, 2020**

Sheila T. Reiff
Clerk of Supreme Court

JUDICIAL  disciplinary  proceeding.  *Public  reprimand imposed.*

¶1    PER CURIAM.    We review, pursuant to Wis. Stat. § 757.91[1]

---

[1] Wisconsin Statute § 757.91 (2017-18) provides:

The supreme court shall review the findings of fact, conclusions of law and recommendations under s. 757.89 and determine appropriate discipline in cases of misconduct and appropriate action in cases of permanent disability.  The rules of the supreme court applicable to civil cases in the supreme court govern the review proceedings under this section.

(2017-18),[2] a Judicial Conduct Panel's[3] findings of fact, conclusions of law, and recommendation for discipline for the Honorable Kenneth W. Gorski, a part-time court commissioner for the Wood County circuit court. Based on Commissioner Gorski's answer, the Judicial Conduct Panel found that the facts alleged in the complaint filed by the Wisconsin Judicial Commission were established as true and determined that those facts supported the legal conclusion that Commissioner Gorski had willfully violated several rules of the Code of Judicial Conduct, which constitutes judicial misconduct under Wis. Stat. § 757.81(4)(a).[4] The Judicial Conduct Panel recommends that Commissioner Gorski be publicly reprimanded for his judicial misconduct. We adopt the Judicial Conduct Panel's findings of fact, we agree that those facts demonstrate that Commissioner Gorski committed judicial misconduct, and we publicly reprimand him for that misconduct.

¶2 Commissioner Gorski has been a part-time circuit court commissioner in Wood County since 2014. In that role, he works approximately two afternoons per month. As a circuit court commissioner, Commissioner Gorski was subject to the Code of

---

[2] All subsequent references to the Wisconsin Statutes are to the 2017-18 version unless otherwise indicated.

[3] Pursuant to Wis. Stat. § 757.87(3), Judges Paul F. Reilly, Kitty K. Brennan, and Thomas M. Hruz of the court of appeals were appointed to serve as the Judicial Conduct Panel, with Judge Reilly acting as the presiding judge.

[4] Wisconsin Stat. § 757.81(4)(a) states that judicial misconduct includes "[w]illful violation of a rule of the code of judicial ethics."

Judicial Conduct found in Chapter 60 of the Supreme Court Rules (SCRs) and subject to the imposition of discipline for judicial misconduct, as provided in Wis. Stat. §§ 757.001, 757.81-757.99.

¶3 The Judicial Commission's complaint alleged that Commissioner Gorski had violated five subsections of the Code of Judicial Conduct based on allegations that he had presided over a small claims case when he should have recused himself and that he had made inappropriate comments to a self-represented defendant in the trial of that same small claims case. The facts will be set forth in more detail below. In his answer, Commissioner Gorski admitted all of the factual allegations and alleged judicial conduct violations set forth in the Judicial Commission's complaint. As there were no disputed factual issues that required an evidentiary hearing, the Judicial Conduct Panel subsequently ordered the parties to file memoranda regarding the appropriate level of discipline that should be recommended. The Judicial Commission filed a brief stating that the most appropriate sanction for the misconduct in this matter would be a public reprimand. Commissioner Gorski subsequently submitted a letter stating that he would not be filing a responsive memorandum, indicating his acquiescence to the Judicial Commission's request for a public reprimand.

¶4 Given Commissioner Gorski's admissions in his answer, the Judicial Conduct Panel found the following facts.

¶5 At all times relevant to this proceeding, Commissioner Gorski has had a close personal friendship with Attorney Timothy Gebert. Commissioner Gorski has known Attorney Gebert for

approximately 20 years, and the two men socialize at least once a month. Between 2015 and 2018, Commissioner Gorski and Attorney Gebert, along with other individuals, went on four overseas vacation trips together. They also have taken frequent overnight golfing trips together, both locally in northern Wisconsin and in other parts of the United States.

¶6 In September 2015 Commissioner Gorski presided over a pretrial conference in a small claims case, Accurate Remodeling LLC v. Meyer, Wood County Case No. 2015SC630 ("the Meyer case"). A small claims trial was scheduled to occur in the case on November 18, 2015. Attorney Gebert represented the plaintiff in the case. The defendant, Mr. Meyer, a non-lawyer, represented himself.

¶7 In October 2015, between the date of the pretrial conference and the trial, while the case was still pending before him, Commissioner Gorski went on one of the four overseas trips with Attorney Gebert. They, Commissioner Gorski's son, and a fourth individual went on a week-long golfing trip to Ireland.

¶8 Commissioner Gorski continued to preside over the Meyer case. He did not disclose to Mr. Meyer the trip to Ireland or his friendship with Attorney Gebert.

¶9 Commissioner Gorski presided over the small claims trial on November 18, 2015. During that trial, he lost his temper with the self-represented Mr. Meyer on two occasions. On the first occasion, he said, "Stop, now, just stop with that! Jesus . . . Come on. That's getting old, that's getting really old." On the second occasion, Commissioner Gorski audibly groaned in response

4

to something Mr. Meyer said and then asked, "Why can't you just be quiet when other people are talking?"

¶10 At another point after the verdict had been rendered by Commissioner Gorski, Mr. Meyer made an assertion that the verdict was an example of corruption. Commissioner Gorski again audibly groaned and then responded, "That's my middle name . . . corruption." Commissioner Gorski admitted that his comments to Mr. Meyer had been said in anger and with sarcasm.

¶11 When Commissioner Gorski appeared before the Judicial Commission in October 2018 during its investigation of this matter, he stated that Attorney Gebert had appeared before him on six or seven occasions. Indeed, just prior to that meeting with the Judicial Commission and after having been notified that it was investigating his failure to recuse himself in a case in which Attorney Gebert had appeared before him, Commissioner Gorski had presided over a pretrial conference in another case in which Attorney Gebert represented one party and the other party was self-represented. While this other case was pending before Commissioner Gorski, he took a trip with Attorney Gebert and others to Vietnam.

¶12 Based on these findings of fact, the Judicial Conduct Panel concluded that Commissioner Gorski had violated the following provisions of the Code of Judicial Conduct:

- By failing to recuse himself in the Meyer case when he had a personal bias or prejudice concerning a party or a party's lawyer, he violated SCR 60.04(4)(a);[5]

---

[5] SCR 60.04(4)(a) provides:

5

- By failing to recuse himself in the Meyer case or to disclose his close friendship with Attorney Gebert to the self-represented defendant when reasonable, well-informed persons knowledgeable about judicial ethics and the judicial system and aware of the facts that Commissioner Gorski knew or reasonably should have known would have reasonably questioned his ability to be impartial and when the recusal was not waived by the parties after full disclosure, he violated SCR 60.04(4);

- By making comments to Mr. Meyer that failed to treat those with whom he dealt in performing his adjudicative duties with patience, dignity, and courtesy, he violated SCR 60.04(1)(d);[6]

---

(4) Except as provided in sub. (6) for waiver, a judge shall recuse himself or herself in a proceeding when the facts and circumstances the judge knows or reasonably should know establish one of the following or when reasonable, well-informed persons knowledgeable about 241 judicial ethics standards and the justice system and aware of the facts and circumstances the judge knows or reasonably should know would reasonably question the judge's ability to be impartial:

(a) The judge has a personal bias or prejudice concerning a party or a party's lawyer or personal knowledge of disputed evidentiary facts concerning the proceeding.

[6] SCR 60.04(1)(d) provides:

(1) In the performance of the duties under this section, the following apply to adjudicative responsibilities:

(footnote continued)

(d) A judge shall be patient, dignified and courteous to litigants, jurors, witnesses, lawyers and others with whom the judge deals in an official capacity and shall require similar conduct of lawyers, staff, court officials and others subject to the judge's direction and control. During trials and hearings, a

- By failing to recuse himself and by the comments he made during the November 18, 2015 trial in the <u>Meyer</u> case, thereby failing to comply with the law and to act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary, he violated SCR 60.03(1);[7] and

- By failing to recuse himself and by the comments he made during the November 18, 2015 trial in the <u>Meyer</u> case, thereby failing to participate in establishing, maintaining, and enforcing high standards of conduct and failing to personally observe those standards in order to preserve the integrity and independence of the judiciary, he violated SCR 60.02.[8]

¶13 Violations of mandatory provisions of the Code of Judicial Conduct constitute judicial misconduct under Wis. Stat. § 757.81(4)(a) when those violations are determined to be "willful." Violations are "willful" when the judicial officer's

---

judge shall act so that the judge's attitude, manner or tone toward counsel or witnesses does not prevent the proper presentation of the cause or the ascertainment of the truth. A judge may properly intervene if the judge considers it necessary to clarify a point or expedite the proceedings.

[7] SCR 60.03(1) provides: "A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

[8] SCR 60.02 provides:

An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining and enforcing high standards of conduct and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved. This chapter applies to every aspect of judicial behavior except purely legal decisions. Legal decisions made in the course of judicial duty on the record are subject solely to judicial review.

conduct was not the result of duress and when the judicial officer knew or should have known that the conduct was prohibited by the Code of Judicial Conduct. In re Judicial Disciplinary Proceedings Against Tesmer, 219 Wis. 2d 708, 729, 580 N.W.2d 307 (1998). Here, the Judicial Conduct Panel concluded that Commissioner Gorski had committed these violations of the Code of Judicial Conduct willfully.

¶14 The Judicial Conduct Panel concluded that a public reprimand was a necessary and sufficient level of discipline, given the violations set forth above. It noted that all of Commissioner Gorski's misconduct had occurred while he was acting in his official capacity.

¶15 The Judicial Conduct Panel pointed to the fact that Commissioner Gorski had admitted having presided over six or seven proceedings in which Attorney Gebert had appeared, including a pretrial conference after he had learned of the misconduct allegations in this case, which suggested that Commissioner Gorski had not recognized or acknowledged the misconduct related to Attorney Gebert's appearances before him. The panel acknowledged, however, that there was no suggestion that Commissioner Gorski's failure to recuse himself had affected the outcome of the case or that it had occurred in order to advance his personal desires.

¶16 With respect to the second type of misconduct, Commissioner Gorski's improper comments to Mr. Meyer during the small claims trial, the Judicial Conduct Panel found that those comments appeared to have been an isolated incident, and that the

8

comments had not been made to advance his personal objectives or to achieve personal gain.

¶17 Ultimately, the Judicial Conduct Panel stated that Commissioner Gorski's failure to recuse himself or to disclose his close friendship with Attorney Gebert and his impertinent comments during the small claims trial in the Meyer case had caused a substantial negative impact on the integrity of the judiciary and on the public's perception of the independence of the judiciary. Weighing the factors described above, it concluded that a public reprimand would be sufficient to impress upon Commissioner Gorski the need to recuse himself or to obtain a waiver in future cases in which a good friend would appear as counsel and to be circumspect in his comments to and dealings with self-represented individuals.

¶18 Given Commissioner Gorski's admission of the allegations against him in his answer to the Judicial Commission's complaint, there is no dispute about the Judicial Conduct Panel's findings of fact. Accordingly, we adopt the panel's findings of fact based on the allegations in the complaint. We also agree with the panel's conclusion that those factual findings demonstrate that Commissioner Gorski willfully violated the specified provisions of the Code of Judicial Conduct, thereby committing judicial misconduct as defined in Wis. Stat. § 757.81(4)(a).

¶19 We now turn to the issue of the appropriate level of discipline. We agree that Commissioner Gorski's failure to recuse himself or even to disclose his close friendship with Attorney Gebert and his angry and sarcastic comments to a pro se litigant

9

appearing before him undermined, rather than promoted, the public's confidence in the integrity and impartiality of the judiciary. A sanction is necessary to impress upon him the damage that such conduct does to the judicial system and the rule of law and to ensure that he does not repeat such conduct.

¶20 In its sanction memorandum, the Judicial Commission stated that the prior judicial disciplinary case that is most similar to the facts of this case is In re Judicial Disciplinary Proceedings Against Laatsch, 2007 WI 20, 299 Wis. 2d 144, 727 N.W.2d 488. Like Commissioner Gorski, Judge Laatsch was a part-time judicial official (a municipal judge), who presided over three cases in which he should have recused himself because one of the parties appearing before him was a relative or a current client of his law practice. Also like Commissioner Gorski, Judge Laatsch was found to have engaged in another type of misconduct in addition to the failure to recuse (in that case misusing the prestige of his judicial office in an advertisement for his law firm). This court concluded that the proper level of discipline for Judge Laatsch was a public reprimand, and we agree that the same level of discipline should be imposed on Commissioner Gorski.

¶21 Our comment in the Laatsch decision is equally applicable to Commissioner Gorski and the resolution of this disciplinary proceeding:

> A fair and impartial judge is the cornerstone of the integrity of the judicial system. Even the appearance of partiality can erode the public's confidence in the integrity of the judiciary.

10

Laatsch, 299 Wis. 2d 144, ¶13.  We trust that the reprimand we impose today will cause Commissioner Gorski to avoid any future conduct that gives even the appearance of partiality and to treat those who come before him with patience, dignity, and courtesy.

¶22  IT IS ORDERED that the Honorable Kenneth W. Gorski is reprimanded for judicial misconduct established in this proceeding.

¶23  BRIAN HAGEDORN, J., did not participate.